**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GUILLERMO FABIAN DELGADO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, *in her official capacity as U.S. Attorney General, et al.*,<br><br>Respondents. | Civil Action No. 25-18478 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on Petitioner Guillermo Fabian Delgado's motion (Motion) for attorney's fees under the Equal Access to Justice Act ("EAJA") (ECF No. 8) and Respondents' response to the Motion (ECF No. 11). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated below, Petitioner's Motion is **DENIED**.

On December 10, 2025, Petitioner filed a counseled petition (Petition) for a writ of habeas corpus under 28 U.S.C. § 2241.[1] (ECF No. 1.) On December 12, 2025, the Court entered the following Text Order ("December 12, 2025 Text Order"):

---

[1] Petitioner names as Respondents (in their official capacities): Pamela Bondi, U.S. Attorney General; Marcos Charles, Acting Executive Associate Director, Enforcement and Removal Operations; Todd M. Lyons, Acting Director, Immigration and Customs Enforcement; Kristi Noem, Secretary of the U.S. Department of Homeland Security; and John Tsoukaris, "Colonel of the Corrections Division at the Delaney Hall Detention Facility." (ECF No. 1 at 1.)

> TEXT ORDER: This matter is before the Court on Petitioner's petition (Petition) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Pursuant to the All Writs Act, see 28 U.S.C. § 1651(a), Respondents SHALL NOT TRANSFER Petitioner from the District of New Jersey, and SHALL NOT REMOVE Petitioner from the United States, pending further order of this Court. According to Petitioner, Respondents are presently detaining Petitioner under the mandatory detention provisions of 8 U.S.C. § 1225(b), pursuant to the decision of the Board of Immigration Appeals in *In Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (ECF No. 1 [¶] 3.) Under this Court's recent decision in *Chen v. Soto*, No. 25-17198, 2025 WL 3527239 (D.N.J. Dec. 9, 2025), the Court holds that Petitioner is subject to detention under 8 U.S.C. § 1226(a), which requires an opportunity to seek bond, id. at *2-4. Specifically, it appears that: (1) Petitioner entered the United States without inspection in April 2024; (2) Petitioner was released on his own recognizance and evidently has resided continuously in the United States since his entry/release; (3) Petitioner has no criminal record and has complied with the requirements of his release; and (4) on November 22, 2025, Petitioner was arrested at a scheduled check-in with U.S. Immigration and Customs Enforcement in the interior of the United States. (ECF No. 1 [¶¶] 3, 11, 13, 21, 30.) Based on these alleged facts, *Chen* controls this present matter. *Chen*, 2025 WL 3527239, at *4. **In accordance with 8 U.S.C. § 1226(a), within seven (7) days of the date of entry of this Text Order, Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge who shall assess whether he presents a flight risk or a danger to the community. Within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that hearing with this Court.** If Respondents contend that *Chen* does not control, they shall file an expedited answer within five (5) days of the date of entry of this Text Order, and Petitioner may file a reply within three (3) days of the date of filing of Respondents' expedited answer. Finally, the Clerk of Court shall forward a copy of the Petition (ECF No. 1), the attached exhibit list (ECF No. 1-1), and this Text Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov. So Ordered by Judge Georgette Castner on 12/12/2025.

(ECF No. 2 (emphasis in original).)

On December 16, 2025, Respondents filed a letter response ("Answer") to the Petition and December 12, 2025 Text Order. (ECF No. 4.) Respondents argue that the Petition is

distinguishable from *Chen* because Petitioner is detained under 8 U.S.C. § 1225(b)(1)(B)(ii). (*See id.*)

In a January 13, 2026 Text Order ("January 13, 2026 Text Order"), the Court stated the following:

> <u>TEXT ORDER:</u> The Court previously ordered that Petitioner receive a bond hearing under 8 U.S.C. § 1226(a). (ECF No. 2.) The bond hearing has now occurred, and the IJ granted Petitioner release from custody under a $12,000 bond. ([ECF] No. 5 at 1). In a letter filed on December 26, 2025, Petitioner requests: (1) his immediate release from detention because he had posted the bond and the I-352 Immigration Bond had been processed; and (2) no ankle monitor or electronic monitoring device be imposed as a condition or term of Petitioner's release. (ECF No. 5 at 1-3.) According to Respondents' December 26, 2025 letter, ICE advised that "it is releasing Petitioner today" under (unspecified) conditions of release. (ECF No. 6 at 1-2.) Petitioner's request for immediate release is DENIED as moot. Within seven (7) days of the date of filing of this Text Order, Petitioner shall file a letter stating whether he challenges the conditions of confinement imposed by ICE and, if he does, replying to Respondents' arguments that ICE had discretion to impose such conditions, Petitioner could appeal such terms to the IJ, and, to the extent Petitioner disagrees with the necessity for specific terms to release, this Court lacks jurisdiction over such a claim. So Ordered by Judge Georgette Castner on 1/13/2026.

(ECF No. 7.) Petitioner did not respond to the January 13, 2026 Text Order.

On January 26, 2026, Petitioner moved for EAJA fees. (ECF No. 8.) After the Court granted an unopposed request for an extension of time, Respondents filed their opposition to the Motion. (ECF Nos. 10-11.)

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . ., incurred by that party in any civil action (other than cases sounding in tort), . . . brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Third Circuit recently found that "the EAJA unambiguously

applies to habeas challenges to immigration detention under 28 U.S.C. § 2241." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026).

"The Government's position was substantially justified only if its conduct was 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005)). "To satisfy this burden and defeat a prevailing party's application for fees, the government must . . . demonstrat[e] '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *Id.* at 433 (citing *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (quoting *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998))). "'[I]n immigration cases, the Government must meet the substantially justified test twice': once for its underlying conduct and once for its decisions in the ensuing litigation about that conduct." *Id.* at 433 (citing *Johnson*, 416 F.3d at 210). Courts "do not assume the position of the Government was not substantially justified simply because it lost." *Id.* at 433 (citing *Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009)).

The Court concludes that Respondents' position was substantially justified.[2]

Petitioner contends that Respondents' position that Petitioner could be detained indefinitely without a bond hearing lacked both legal and factual justification because "[t]his Court explicitly found that 'Chen controls this present matter' and held that Petitioner was entitled to a bond hearing under § 1226(a)." (ECF No. 8 ¶¶ 17-18 (citing ECF No. 2).) However, Respondents have consistently asserted that this case is distinguishable from *Chen* because Petitioner was

[2] Respondents argue that Petitioner was not a prevailing party in this matter. (ECF No. 11 at 3). However, because the Court concludes that Respondents' position was substantially justified, the Court need not—and does not—decide whether Petitioner satisfies the "prevailing party" requirement.

detained under the expedited removal provision, § 1225(b)(1), and *not* under § 1225(b)(2) (the detention provision addressed in *Chen*). (*See* ECF No. 4; ECF No. 11.)

The Court finds that Respondents' pre-litigation position was substantially justified because Respondents "were following a binding administrative decision in detaining Petitioner." *Lazo v. Soto*, No. 25-18324, 2026 WL 2145566, at *2 (D.N.J. July 27, 2026) (citing *Martinez Amaya v. Bondi*, No. 26-1945, 2026 WL 1078278, at *2 (D.N.J. Apr. 21, 2026)). It is undisputed that the Attorney General issued a decision explaining that "'aliens who are originally placed on expedited proceedings and then transferred to full proceedings after establishing a credible fear,' are ineligible for bond 'whether they are arriving at the border or are apprehended in the United States." (ECF No. 11 at 5 (quoting *Matter of M-S-*, 27 I. & N. Dec. 509, 515 (A.G. 2019)).

Respondents acknowledge that Petitioner was released on his own recognizance prior to his (re-)detention. (*See id.* at 1-2, 5 n.4.) However, Petitioner does not address Respondents' assertion that "[t]he only authority under which ICE may release an alien once detained under 8 U.S.C. § 1225(b) is the parole authority provided by 8 U.S.C. § 1182(d)(5)(A)." (*Id.* at 5 (first citing *Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018); and then citing *Matter of Q. Li*, 29 I. & N. Dec. 66, 69 (BIA 2025)).) According to the Board of Immigration Appeals, "an alien detained under section [1225(b)] who is released from detention pursuant to a grant of parole under section [1182(d)(5)(A)], and whose grant of parole is subsequently terminated, is returned to custody under section [1225(b)] pending the completion of removal proceedings." *Q. Li*, 29 I. & N. Dec. at 70. As Respondents note, this Court has held that a non-citizen subject to § 1225(b)(1) released on his or her recognizance, may only be re-detained under § 1226(a) (which provides for a bond hearing). (ECF No. 11 at 6 (citing *Flores v. Rokosky*, No. 25-18998, 2026 WL 84434, at *2 (D.N.J.

Jan. 12, 2026)).) Nonetheless, it appears that Respondents were following administrative precedent when they detained Petitioner under § 1225(b)(1). *See Lazo*, 2026 WL 2145566, at *2.

As Judge Wigenton has recently explained:

> Former Attorney General William Barr issued an interim decision concluding that noncitizens who were originally placed into expedited removal proceedings but later referred to full removal proceedings—as Petitioner was once the removal order was vacated on March 26, 2026—are still subject to mandatory detention without bond. [*M-S-*, 27 I. & N. Dec. at 515].
>
> This Court unequivocally disagrees with that statutory interpretation as a matter of law, but Respondents did no more than follow a binding administrative decision in continuing to detain Petitioner. "Given the state of precedent on this issue, this Court finds that the Government's position was substantially justified, even if ultimately unsuccessful." *Gjergj G. v. Edwards*, No. 19-cv-5059, 2019 WL 3245104, at *2 (D.N.J. July 17, 2019) (concluding Government was substantially justified in holding noncitizen without a bond hearing as it was following administrative precedent).

*Bapary v. Soto*, No. 26-3541, 2026 WL 1734911, at *2 (D.N.J. June 16, 2026) (cleaned up).[3]

Given the circumstances, Respondents have likewise presented a sufficient justification for defending Petitioner's detention under the expedited removal provision in this habeas litigation. Petitioner does not dispute Respondents' assertion that courts have held that a § 1225(b) detainee who is paroled under § 1182(d)(5)(A) and then re-detained remains subject to mandatory detention under § 1225(b). (ECF No. 11 at 5-6 (citations omitted).) Furthermore, it is uncontested that "the mere existence of adverse rulings [such as *Flores*] does not make Respondents' position unreasonable for purposes of providing attorney's fees under the EAJA. (*Id.* at 6.)

---

3 The *Bapary* court "concluded that 8 U.S.C. § 1226 governed Petitioner's detention rather than § 1225 because the Notice to Appear attached to the immigration judge's order identified Petitioner as a noncitizen who was '*present* in the United States who has not been admitted or paroled'" and this language "aligns with § 1226(a), not § 1225(b)(1)." *Bapary*, 2026 WL 1734911, at *3 (emphasis in original) (citations omitted).

For the foregoing reasons, the Court **DENIES** the Motion.

**IT IS**, therefore, on this 6th day of August, 2026, **ORDERED** as follows:

1. Petitioner's Motion (ECF No. 8) is **DENIED.**

2. The Clerk of the Court shall **TERMINATE** the Motion pending at ECF No. 8.

3. The Clerk of the Court shall **CLOSE** this matter.

Georgette Castner

**GEORGETTE CASTNER**
**United States District Judge**